IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DAVID ALLEN FULLER | § | |
| v. | § | CIVIL ACTION NO. 6:13cv329 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT</u>

The Report and Recommendation of the Magistrate Judge, which contains her findings, conclusions, and recommendation for the disposition of this action, has been presented for consideration. The Report and Recommendation recommends that the social security complaint be dismissed with prejudice. Plaintiff has objected to the Magistrate Judge's finding that the ALJ did not err in assessing the effects of his pain on his residual functional capacity.

In his objections, Plaintiff argues that "in developing evidence of pain, it is essential to investigate all avenues presented that relate to pain, including examining physicians' information and observations concerning the complaints, including information about aggravating and precipitating factors." He quotes the Magistrate Judge's Report as stating that "for pain to be disabling, it must be constant, unremitting, and wholly unresponsive to therapeutic treatment," and that "substantial evidence supports both the lifting restrictions placed on Plaintiff and the conclusion that Plaintiff's pain was not itself disabling." Plaintiff states that he did not assert disability due to pain alone, and the ALJ did not find that pain was his only severe impairment. Instead, Plaintiff contends that in an RFC assessment, the ALJ must determine the limitations resulting from the claimant's pain, and that the ALJ failed to do so in this case.

The ALJ concluded that Plaintiff had the severe impairments of seizure disorder, affective disorder, degenerative disc disease of the spine, low back pain, and a history of substance abuse disorder. Plaintiff stated that he could lift 50 pounds "with pain," and the ALJ determined that he could lift 50 pounds "occasionally." The medical evidence showed that Dr. Thurow, an examining physician, found that Plaintiff had no limitations on his ability to sit, stand, move about, or carry objects. On at least eight visits to medical professionals, Plaintiff rated his pain at 0 out of 10, and on only one occasion, he told a physician named Dr. Sirianni that he rated his pain at 5 out of 10.

The ALJ acknowledged that Plaintiff could experience some pain and discomfort but the objective medical evidence did not support the subjective complaints to the extent of establishing a complete inability to perform any substantial gainful work activity. The limitations resulting from any such pain and discomfort were accounted for by the restrictions placed on Plaintiff's residual functional capacity. Substantial evidence supported the ALJ's determination of Plaintiff's residual functional capacity, and the Magistrate Judge correctly concluded that the ALJ's decision should be affirmed. *See Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988) (finding of no substantial evidence is appropriate only where there is a conspicuous absence of credible choices or no contrary medical evidence). Plaintiff's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings and records in this cause, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that Plaintiff's objections are overruled and the Report of the Magistrate Judge is **ADOPTED** as the opinion of the District Court. It is further

> **ORDERED** that the Plaintiff's complaint is hereby **DISMISSED WITH PREJUDICE**.

Finally, it is

> **ORDERED** that any motion not previously ruled on is **DENIED**.

**So ORDERED and SIGNED this 29th day of August, 2014.**

LEONARD DAVIS
UNITED STATES DISTRICT JUDGE